SHARON DOUGLASS MAYO - State Bar No. 150469
sharon.douglass@aporter.com
VIKRAM SOHAL - State Bar No. 240251
vikram.sohal@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| WB MUSIC CORP., MASS CONFUSION MUSIC, EMI APRIL MUSIC INC., CHINGY MUSIC AND EMPTY HOUSE MUSIC, | Case No. CV08-01955 SVW (SHx) |
| Plaintiffs, | CONSENT JUDGMENT |
| v. | (17 U.S.C. §§101 *et seq.*) |
| CORNER POCKETS, INC. AND CARL FREDERIC LESLIE | JS-6 |
| Defendants. | |

1  WHEREAS, Plaintiffs WB Music Corp., Mass Confusion Music, EMI April Music Inc., Chingy Music and Empty House Music ("Plaintiffs") are owners of the copyrights in the musical compositions listed in Schedule A to Plaintiffs' Complaint filed in this action and members of the American Society of Composers, Authors and Publishers ("ASCAP"); and

WHEREAS, Defendants Corner Pockets, Inc. and Carl Frederic Leslie ("Defendants") at the times of the infringing acts alleged in the Complaint, did own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Bar 330, located at 330 W. Birch Street, in Brea, in the State of California; and

WHEREAS, Without authorization or consent, Defendants, on the dates specified on Schedule A to the Complaint, publicly performed Plaintiffs' copyrighted musical compositions at Bar 330 for the entertainment and amusement of the patrons attending said premises in violation of Plaintiffs' rights under 17 U.S.C. § 106(4), as a remedy for which Plaintiffs are entitled to judgment against Defendants for willful copyright infringement; and

WHEREAS, the parties have agreed that the Court may enter judgment as provided herein.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.  (a)  Judgment is entered for Plaintiffs and against Defendants on the claims set forth in Plaintiffs' Complaint in the amount of Twenty-One Thousand Dollars ($21,000.00).  Notwithstanding the foregoing, the parties have agreed that this Judgment may be satisfied upon Defendants' payment of the sum of Eighteen Thousand Dollars ($18,000.00) ("the Settlement Amount") as provided in Paragraph 2 below.

(b)  The amount provided for in this Consent Judgment shall be in full settlement of all claims against Defendants arising out of Plaintiffs' Complaint and all

1 other copyright infringement claims of members of ASCAP against Defendants
2 arising out of the operation of Bar 330, during all periods up to and including the date
3 of entry of this Consent Judgment.

4     2.    (a)    Defendants shall pay the Settlement Amount as follows: (1)
5 $6,000.00 shall be paid upon the entry of this Consent Judgment and (2) the
6 remaining $12,000.000 shall be paid in two installments of $6,000.00. The two
7 installments shall be paid on the first of each month beginning August 1, 2008 and
8 ending September 1, 2008.

9     (b)    Defendants shall make the payments provided for above in the
10 form of a certified, cashier's, bank, or corporate business check drawn on a California
11 bank, made payable to "Arnold & Porter LLP," and delivered to Vikram Sohal, Esq.,
12 at Arnold & Porter LLP, 777 South Figueroa Street, 44th Floor, Los Angeles,
13 California 90017, or such other person as Plaintiffs' attorneys shall designate to
14 receive such payments.

15     3.    Contemporaneously with the execution of this Consent Judgment,
16 Defendants will execute an ASCAP General License Agreement for Bar 330 for the
17 term commencing January 1, 2008. License fees pursuant to such license agreement
18 for the calendar year 2008 shall be included in the amount to be paid by Defendants
19 as provided in this Consent Judgment. License fees pursuant to such license
20 agreement for periods beginning January 1, 2009, shall be paid by Defendants when
21 due as billed by ASCAP, and Defendants shall otherwise abide by all of the terms and
22 conditions of the license agreement.

23     4.    In the event that Defendants fail to make any of the payments provided
24 for in paragraph 2(a), or to pay license fees to ASCAP as provided for in paragraph 3,
25 upon receipt by Defendants of written notice from Plaintiffs or their undersigned
26 attorneys of any such delinquency, Defendants shall have ten (10) calendar days in
27 which to cure such delinquency. If the delinquency is not cured within such ten (10)
28 day period, Defendants shall be obligated to pay the full Judgment amount of

1  Twenty-One Thousand Dollars ($21,000.00), less any payments previously made to
2  Plaintiffs pursuant to paragraph 2 above.  Such balance shall be immediately due and
3  payable; execution to collect such balance may issue forthwith and without any
4  further notice to Defendants; and such balance shall constitute a non-dischargeable
5  debt in the event Defendants file a petition for bankruptcy.

6      5.    Plaintiffs shall be granted all such writs and process as is necessary or
7  proper for the enforcement of this Consent Judgment.

8      6.    Subject to the Court's continuing jurisdiction over the parties for
9  purposes of enforcement of this Consent Judgment, this action is dismissed.

**ORDER**

**IT IS SO ORDERED.**

Dated:  July 23, 2008

_____
UNITED STATES
DISTRICT JUDGE

4